UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X

FITZROY McNEILL,

                Plaintiff,                      **MEMORANDUM AND ORDER**

    -against-

                                                      06-CV-4843 (NGG)

PEOPLE OF THE CITY AND STATE OF
NEW YORK; SUPREME COURT APPELLATE
DIVISION, SECOND DEPARTMENT;
BRACKEN, J.P.; O'BRIEN, JOY and GOLDSTEIN;
CHARLES J. HYNES; JOSEPH KEVIN MCKAY;
DANIEL GREENBERG; LAURIS WREN; JOEL
ATLAS, and the LEGAL AID SOCIETY;
PHILLIP SMALLMAN; ALAN I. STUTMAN;
HERBERT FEINSOD; POLICE PRECINCT PSA2;
KLEON ANDREDIS,

                Defendants.
──────────────────────────────────────X

GARAUFIS, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C §§ 1981, 1983 and 1985, alleging that defendants violated his civil rights. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) but dismisses the complaint for the reasons set forth below.

## BACKGROUND

Plaintiff sues judges, prosecutors, his former attorneys and police officers who were involved in his allegedly unlawful arrest and prosecution, leading to his December 23, 1993 conviction in Supreme Court, Kings County, of murder in the second degree and criminal possession of a weapon. Compl. ¶¶ 1-3. Plaintiff further alleges that defendants conspired to keep him in prison and denied him a meaningful opportunity to pursue post-conviction relief. Id. ¶¶ 2-8. Plaintiff was successful, however, in vacating his conviction on August 11, 2003, when

the Appellate Division, Second Department, ruled that his trial counsel was ineffective and ordered a new trial. See People v. McNeill, 307 A.D.2d 977 (2d Dep't 2003). Plaintiff alleges that his attorney at the time, defendant Andreadis, forced him to plead guilty to assault in order to avoid being retried. Compl. ¶ 9. Plaintiff alleges that "Andreadis knew there was insufficient evidence against plaintiff for murder and assault ... that plaintiff was afraid of remaining in jail" and that Andreadis "told plaintiff that he could not defend plaintiff if plaintiff went to trial." Id. Plaintiff pled guilty and was sentenced to three and one half to seven years, but because he had already served approximately eleven years, he was released. Id. ¶ 10. Plaintiff seeks $137 million in damages. Id. ¶ 11.

## DISCUSSION

A.  Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

In addition, as plaintiff is proceeding *pro se*, this Court is obliged to construe his pleadings liberally, particularly as they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this Court must interpret plaintiff's pleadings as raising the strongest arguments they suggest. Id.

2

B.  Section 1981

Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens ... .

The elements of a § 1981 claim are: (1) plaintiff's membership in a racial minority; (2) discrimination based on one or more of the activities enumerated in the section; and (3) an intent by the defendant to discriminate on the basis of race. See Patterson v. McLean Credit Union, 491 U.S. 164, 210 (1989); Mian v. Donaldson, Lufkin, Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). Plaintiff fails to state a claim under § 1981, as he does not establish any of the three elements essential to a § 1981 claim. Accordingly, his § 1981 claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  Section 1983/Heck

42 U.S.C. § 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ... .

"Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing Oklahoma City v. Tuttle, 471 U.S. 808 (1985)). In order to maintain a § 1983 action, plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327 (1986)). Second, "the conduct complained of must have

3

deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Plaintiff sues defendants under § 1983 for false arrest, false imprisonment, and malicious prosecution. However, plaintiff's claims are barred by the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87. The underlying basis for the holding in Heck is "that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Id. at 486. The principle applies to § 1983 actions "that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." Id.

Although plaintiff's 1993 conviction was eventually vacated, he subsequently pled guilty to assault in order to avoid being retried. "Since a guilty plea is the equivalent of a conviction," Hernandez v. City of New York, 2004 WL 2624675, at *5 (S.D.N.Y. Nov. 18, 2004), his claims under § 1983 must fail. See id.; Spies v. Brown, 2002 WL 441991, at *2 (E.D.N.Y. Mar. 13, 2002) (guilty plea constitutes a conviction barring section § 1983 claims for false arrest and malicious prosecution). See also Papeskov v. Brown, 1998 WL 299892, at *5 (S.D.N.Y. June 8, 1999) ("a plea of guilty, even to a charge lesser than that for which the plaintiff was arrested, bars a § 1983 action") (citations omitted), aff'd, 173 F.3d 845 (2d Cir. 1999).

Plaintiff has not shown that his conviction "has been reversed on direct appeal, expunged

4

by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus ... ." Heck, 512 U.S. at 486-87. Thus, "his guilty plea stands as a complete bar to any claims of false arrest ... and malicious prosecution under Section 1983." Smith v. P.O. Canine Dog Chas, 2004 WL 2202564, at *6 (S.D.N.Y. Sept. 28, 2004). Accordingly, plaintiff's § 1983 claims are barred under Heck and dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); see Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986) ("the common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested").

D.  Section 1985

Furthermore, Heck applies to plaintiff's conspiracy claims under § 1985(3) as well. Amaker v. Weiner, 179 F.3d 48, 51-52 (2d Cir. 1999) (deciding conspiracy claim would call into question the validity of the underlying conviction which is barred by Heck). Plaintiff's claims that defendants conspired to obtain his conviction and sentence and unlawfully imprison him are dismissed. Id. (citations omitted).

E.  Judicial and Prosecutorial Immunity

Plaintiff's claims against judicial defendants and prosecutorial defendants are also barred as they are absolutely immune from suit. Judges have absolute immunity from suit for judicial acts performed in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages") (citations omitted); Butz v. Economou, 438 U.S. 478, 511 (1978) (judges have absolute immunity "because of the special nature of their responsibilities"); Imbler v. Pachtman, 424 U.S.

5

409, 419 (1976) (judges immune from liability for damages for acts committed within their judicial jurisdiction). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump v. Sparkman, 435 U.S. 349, 356 (1978)). As the alleged wrongful acts were performed by the judicial defendants in their judicial capacity, plaintiff's claims against them are dismissed as foreclosed by absolute immunity. 28 U.S.C. § 1915(e)(2)(b)(iii).

In addition, prosecutors are absolutely immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process ... ." Imbler, 424 U.S. at 430 (1976); see also Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995) ("absolute immunity extends to those acts, whether in or out of the courtroom, 'which occur in the course of the [prosecutor's] role as an advocate for the State'") (internal citation omitted). Because plaintiff's claims against the prosecutorial defendants center around their actions during the "judicial phase of the criminal process," plaintiff's claims are dismissed as these defendants are absolutely immune. 28 U.S.C. § 1915(e)(2)(b)(iii).

F.  Claims against Plaintiff's Lawyers

Although the Appellate Division, Second Department, ruled that plaintiff's trial attorney rendered ineffective assistance of counsel, see McNeill, 307 A.D.2d at 977, plaintiff cannot sue his former attorneys for damages through a civil rights action in federal court. A claim for relief under § 1983 must allege that the defendant acted under color of a state "statute, ordinance, regulation, custom, or usage ... ." 42 U.S.C. § 1983. Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. Brentwood Academy v.

Tennessee, 531 U.S. 288, 305-06 (2001); American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Attorneys, whether with the Legal Aid Society, court-appointed, or privately retained, are not state actors for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997); Lefcourt v. Legal Aid Soc'y, 445 F.2d 1150, 1157 (2d Cir. 1971); Tucker v. Kenney, 994 F. Supp. 412, 417 (E.D.N.Y. 1998).

Private actors, however, may be liable under § 1983 based on conspiratorial conduct. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act. Put differently, a private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents." Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (internal quotations and citations omitted). However, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Id. "Thus, complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993).

Plaintiff's complaint fails to state a conspiracy claim under § 1983 as no facts have been alleged, with the requisite specificity, that indicate that his attorneys acted in concert with state defendants to inflict an unconstitutional injury on him or to deprive him a right secured to him by the laws of the United States. There is nothing to suggest that plaintiff has any good faith basis

7

for his conclusory allegations that defendants were involved in a conspiracy. See Dwares, 985 F.2d at 99-100. Accordingly, plaintiff's claims against his lawyers are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

signed/
_____
NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE

Dated: October 19, 2006
Brooklyn, New York